PEDRICK (SHAKERLEY v.). See Case No. 12,699.

## Case No. 10,901.

### PEDRO v. ALLEN.

[1 Lowell, 435.] [1]

District Court, D. Massachusetts. March, 1870.

SEAMEN—DISCHARGE—LAY—DEDUCTIONS — COSTS.

1. A mate was shipped for a whaling voyage of three years at a certain lay and a "bonus" of two hundred dollars, paid him at the time of shipment, and receipted for as a bonus "to perform the voyage." He served faithfully for fourteen months, and was then discharged with the master's consent upon terms satisfactory to both, one of which was that he should have his lay up to the time of his discharge. *Held*, the owners could not deduct from the mate's lay a proportionate part of the bonus as a set-off or recoupment, on the ground that he had not performed the voyage.

2. Costs given the libellant because the owner had refused to pay until the expiration of a credit which he had given for the oil.

[This was a libel by F. Pedro against H. M. Allen for wages.]

A. S. Cushman, for libellant.
C. T. Bonney, for respondent.

LOWELL, District Judge. The libellant served as second mate and afterwards as mate, on board the respondent's brig Pocohontas on a whaling voyage, and his lay is agreed to be $352.07, which is his proportion, by the articles, for the time he served, unless some-

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

thing is to be deducted for his not having performed the whole voyage. The contract was for three years, and he was discharged at Fayal, at his own request and with the master's consent at the end of fourteen months, and instead of receiving two months' extra wages, paid the amount of such wages to the consul as part of the contract of discharge; of which no one complains. He says his agreement was to ship at the one-twentieth lay and two hundred dollars "bonus"; and when the shipping articles were signed, he received the two hundred dollars. The receipt which he signed calls it a bonus, and adds "to perform the voyage." He swears that he did not read the receipt, and supposed he was merely acknowledging the payment of his bonus. It is admitted that the ordinary meaning of a bonus is an advance or premium to be paid at the time of shipment; and that it is usually given to secure the services of some skilful and well known whaleman. The respondent says that in this case it was merely another mode of paying wages, and that a recoupment or deduction ought to be allowed for the part of the voyage which was not performed. Upon the evidence it seems to me that the contract was that the libellant should have a bonus, and that the understanding of course was that the voyage was to be performed. I do not know that the receipt departs from the implied contract in this respect. But this agreement was subject to death, sickness, and other contingencies, one of which was the discharge of the officer on terms satisfactory to the master. In such a case he appears to me to have performed his voyage until it ended by common consent, and that the owner of the brig has no reclamation to make. The American doctrine, and I have no doubt the true doctrine, is, that freight prepaid, as such can be recovered back if the voyage fails; but I do not know that this rule has ever been applied to advance wages. There are, then, two objections to this recoupment. One, that it was an absolute payment of which the owner took the risk, like advance wages. The other, that the settlement with the master upon terms carefully agreed on, may be presumed to have foreclosed this demand, as it was not mentioned; and as both parties appear to have understood that the libellant was to have his proportionate lay.

The question of costs depends on whether the libel was vexatiously brought without due notice, or too hastily. The letters filed in the case show that on the 5th of November, the respondent said he would settle with the libellant as soon as he could sell the oil; on the 20th of the same month, that he had sold it on sixty days' time; on the 24th, that he should not settle until he got his money. The libel was filed on the 21st of December. I cannot hold it to be premature. The seamen are not to take the risk or wait the expiration of a credit. The oil is not theirs, and they cannot control its sale. The owner may dis-

count what is necessary for paying cash; but if the seaman insists on payment, he must indemnify himself by such discount. I suppose that in settling the agreed facts in this case, such a deduction was made. If not. it might have been if the libel was brought before the end of the sixty days, as I suppose it was.

Decree for the libellant for $352.07 and costs.